UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BABU PATEL and PRAGNA PATEL d/b/a RED MAPLE INN, | |
| Plaintiffs, | COMPLAINT |
| - v - | Civ. Action No.: 1:21-cv-21 |
| OHIO SECURITY INSURANCE COMPANY, | JURY TRIAL DEMANDED |
| Defendant. | |

Plaintiffs Babu Patel and Pragna Patel, doing business as Red Maple Inn (collectively "Plaintiffs"), by and through their attorneys, Duke Holzman Photiadis & Gresens LLP, as and for their Complaint against Defendant Ohio Security Insurance Company ("Defendant"), states and alleges as follows:

## INTRODUCTION

1. The instant matter arises from: (a) a contract of insurance entered into between Plaintiffs and Defendant; and (b) Defendant's breach of that insurance contract by failing to provide full and complete coverage benefits, pursuant to the terms therein, for a water loss on January 31, 2019 (the "Loss").

## PARTIES

2. Babu Patel is an individual who, at all relevant times, resided in Niagara Falls, New York.

3. Pragna Patel is an individual who, at all relevant times, resided in Niagara Falls, New York.

4. At all relevant time, Plaintiffs owned the real property located at 4115 Market Street, Warren, Pennsylvania 16365, where they operated a hotel business commonly known as the Red Maple Inn (the "Property").

5. Upon information and belief, Defendant was and is an insurance company organized and existing under the laws of the State of New Hampshire, with its principal office located at 175 Berkeley Street, Boston, Massachusetts 02116.

6. Upon information and belief, Defendant is part of the Liberty Mutual Group of insurance companies.

## JURISDICTION & VENUE

7. Jurisdiction is proper based upon diversity. There is complete diversity between the proper parties to this lawsuit under 28 U.S.C. § 1332.

8. Defendant is a New Hampshire corporation organized under the laws of New Hampshire with its principal place of business in Boston, Massachusetts, at the address identified above.

9. Plaintiffs are individuals residing in New York with their primary place of residence in Niagara Falls, New York.

10. The amount in controversy exceeds $75,000. Plaintiffs' complaint seeks damages in an amount to be determined at trial, but not less than $870,653.80 in damage to the structure, damage to business personal property, loss of use, and extracontractual damages, plus interest.

11. Venue is proper in the Western District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b)(2), because the Property at issue is located in the Western District of Pennsylvania.

## FACTS

I.    <u>The Insurance Policy Entered into Between Mr. and Mrs. Patel and Defendant</u>

12.    At all relevant times, Plaintiffs owned the Property.

13.    Defendant issued and delivered an insurance policy to Mr. and Mrs. Patel bearing the policy number BKS (19) 58 47 46 17 (the "Policy").

14.    The Policy was issued in consideration of a premium which was paid to, and received and retained by, Defendant.

15.    The Policy covered certain losses occurring between April 14, 2018, and April 14, 2019 (the "Policy Period").

16.    Plaintiffs are identified in the Policy as named insureds.

17.    The Policy is an "all risk" insurance policy and, as such, provides coverage for physical loss of property resulting from any cause unless the loss is "Excluded" or "Limited."

18.    On or about January 31, 2019, it was discovered that the Property had been damaged by water when pipes inside the Property burst (the "Loss").

19.    The January 31, 2019, Loss fell within the covered Policy Period.

20.    Plaintiffs and/or their representatives promptly reported the Loss to Defendant.

21.    The Loss constitutes an occurrence under the Policy and the Loss and damage caused thereby is covered under the Policy.

22.    The damages as a result of the loss total more than $870,653.80.

23.    At all relevant times after the Loss, Defendant had access to the Property, with full opportunity to inspect the Property, and in fact, Defendant has inspected the Property.

24.    Plaintiffs timely complied with all requests made by Defendant and satisfied all conditions necessary to coverage under the policy.

25. Nonetheless, Defendant failed and refused to provide coverage for the Loss, and Plaintiffs have suffered, and will continue to suffer damages as a result of Defendant's breach of the insurance contract.

FIRST CAUSE OF ACTION
BREACH OF CONTRACT
(Damage to the Structure)

26. Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth and incorporated herein.

27. Defendant has a duty under the policy to provide coverage for the Property arising from the Loss, including without limitation: Actual Cash Value and/or Replacement Cost Benefits.

28. Plaintiffs and/or their representatives promptly reported the Loss to Defendant.

29. Based on the estimates prepared by Defendant and/or its representatives, Plaintiffs suffered more than $870,653.80 in damages to the Property as a result of the Loss.

30. Under the Policy, Plaintiffs are entitled to recover the full amount of damage to the Property as a result of the Loss.

31. Defendant failed and refused to make full and complete payments to Plaintiffs for the damage to the Property as a result of the Loss pursuant to the terms of the Policy, which constitutes breach of the Policy.

32. Defendant's conduct has been dilatory and unreasonable.

33. Defendant's conduct has unreasonably obstructed and prevented Plaintiffs from receiving prompt payment for the insurance benefits to which they are entitled.

34. Plaintiffs have been damaged by Defendant's wrongful conduct, including without limitation suffering extra-contractual consequential damages as a result of Defendant's failure to act promptly and breach of its duty and obligation of good faith and fair dealing.

- 5 -

35. As a result of Defendant's breach, Plaintiffs have been damaged and are entitled to judgment against Defendant in an amount to be determined trial but not less than $870,653.80, plus interest.

SECOND CAUSE OF ACTION
BREACH OF CONTRACT
(Damage to Business Personal Property)

36. Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth and incorporated herein.

37. Defendant has a duty under the policy to provide coverage for damage to Plaintiffs' contents/business personal property located at the Property arising from the Loss, including without limitation: Actual Cash Value and/or Replacement Cost Benefits.

38. Plaintiffs and/or Plaintiffs' representatives duly notified Defendant of the claim for Actual Cash Value and/or Replacement Cost Benefits associated with the damage to Plaintiffs' business personal property.

39. Plaintiffs have suffered damages to their business personal property as a result of the Loss.

40. Defendant failed and refused to make full and complete payments to Plaintiffs for the damage to business personal property pursuant to the terms of the Policy, which constitutes a breach of the Policy.

41. Defendant's conduct has been dilatory and unreasonable.

42. Defendant's conduct has unreasonably obstructed and prevented Plaintiffs from receiving prompt payment for the insurance benefits to which they are entitled.

43. Plaintiffs have been damaged by Defendant's wrongful conduct, including without limitation suffering extra-contractual consequential damages as a result of Defendant's failure to act promptly and breach of its duty and obligation of good faith and fair dealing.

44. As a result of Defendant's breach, Plaintiffs have been damaged and are entitled to judgement against Defendant in an amount to be determined at trial, plus interest.

THIRD CAUSE OF ACTION
BREACH OF CONTRACT
(Failure to Pay Business Income coverage)

45. Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth and incorporated herein.

46. Defendant has a duty under the Policy to provide coverage for Business Income damages as a result of the Loss.

47. Plaintiffs suffered, and continues to suffer, Business Income damages as a result of the Loss and duly notified Defendant of the same.

48. Plaintiffs' suffered, and continue to suffer, Business Income damages in an amount to be determined at trial, plus interest.

49. Defendant failed and refused to make payments to Plaintiffs for Business Income damages pursuant to the terms of the Policy, which constitutes breach of Policy.

50. Defendant's conduct has been dilatory and unreasonable.

51. Defendant's conduct has unreasonably obstructed and prevented Plaintiffs from receiving prompt payment for the insurance benefits to which they are entitled.

52. Plaintiffs have been damaged by Defendant's wrongful conduct, including without limitation suffering extra-contractual consequential damages as a result of Defendant's failure to act promptly and breach of its duty and obligation of good faith and fair dealing.

53. As a result of Defendant's breach, Plaintiffs have been damaged and are entitled to judgement against Defendant in an amount to be determined at trial, plus interest.

### FOURTH CAUSE OF ACTION
42 Pa. Stat. Ann. § 8371
(Bad Faith)

54. Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth and incorporated herein.

55. Defendant's conduct has unreasonably obstructed and prevented Plaintiffs from receiving prompt payment of the insurance benefits to which they are entitled.

56. Defendant breached its duty and obligation of good faith and fair dealing in its handling of the Loss.

57. Defendant improperly delayed and failed to make full payment for Plaintiff's insurance proceeds relating to damage stemming from the Loss, including, damage to the Property, to Plaintiffs' business Personal Property, and Business Income.

58. Defendant's failure to pay insurance benefits through the present has, at the least, been in reckless and/or grossly negligent disregard of Defendant's obligation under the Policy.

59. As a result of Defendant's breach of contract and other wrongful conduct, Plaintiffs suffered damages and difficulties, including, but not limited to, Business Income exceeding those set forth in the Policy.

60. It was reasonably foreseeable and contemplated by the parties, both at the time the Policy was issued and/or renewed, that the failure to promptly provide coverage and pay the insurance benefits under the Policy would negatively and adversely affect Plaintiffs and their assets, including use of the Property.

61. Plaintiffs have been damaged by Defendant's wrongful conduct, including that they have sustained foreseeable extra-contractual damages, including damage to its Property, loss of use, mitigation related expenses, and reasonable attorneys' fees and litigation costs.

62. As a result of Defendant's breach, Plaintiffs have been damaged and are entitled to judgement against Defendant in an amount to be determined at trial, plus interest, punitive damages, and attorneys' fees and costs.

WHEREFORE, Plaintiffs Babu Patel and Pragna Patel respectfully request this Court enter judgement against Defendant Ohio Security Insurance Company, and enter an order:

1. On the First Cause of Action, granting judgement in an amount to be determined at trial but not less than $870,653.80, plus interest;

2. On the Second Cause of Action, granting judgement in an amount to be determined at trial, plus interest;

3. On the Third Cause of Action, granting judgement in an amount to be determined at trial, plus interest;

4. On the Fourth Cause of Action, granting judgement in an amount to be determined at trial, plus interest, punitive damages, and attorneys' fees and costs; and

5. Granting such other and further relief as the Court deems just and proper.

Dated:     January 4, 2021

DUKE HOLZMAN PHOTIADIS & GRESENS LLP

By:   s/ *Christopher M. Berloth*
Christopher M. Berloth*
Thomas D. Lyons*
*Attorneys for Plaintiffs*
701 Seneca Street, Suite 750
Buffalo, New York 14210
Tel: (716) 855-1111
cberloth@dhpgalaw.com
tlyons@dhpglaw.com

MARSH SCHAAF, LLP
Michael A. Agresti
*Co-Counsel for Plaintiffs*
300 State Street, Suite 300

Erie, Pennsylvania 16507
magresti@marshlaw.com

*Pro Hac Vice* application forthcoming